IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERRY PAULL, ) | CASE NO. 1:10 CV 2060 |
| ) | (1:05 CR 246) |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | MEMORANDUM OPINION |
| ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Docket #89 in Case No. 1:05 CR 246.) For the reasons set forth below, Petitioner's Motion is DENIED.

**Factual and Procedural Background**

On July 25, 2006, a Federal grand jury in the Northern District of Ohio issued a Superseding Indictment against Petitioner Jerry Paull, charging four Counts as follows: Counts One and Two, charged Petitioner with receiving a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252A(a)(2); Count Three charged Petitioner with receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2); and, Count Four charged Petitioner with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). On January 24, 2007, Petitioner plead guilty to all four counts of the Superseding Indictment pursuant

to a written plea agreement. He was then sentenced to 210 months imprisonment to be followed by eight years supervised release.

On April 16, 2007, Petitioner filed a Notice of Appeal. (Docket #69.) On January 9, 2009, the United States Court of Appeals for the Sixth Circuit affirmed the Judgment of the District Court. (Docket #82.) On June 24, 2009, Petitioner filed a Petition for a Writ of Certiorari with the United States Supreme Court (Docket #85), which was denied on October 14, 2009. (Docket #86.)

On September 14, 2010, Petitioner filed his Motion to Vacate, *pro se*, challenging his sentence. (Docket #89.) Petitioner's Claim for Relief is that his trial counsel gave ineffective assistance during sentencing; specifically with regard to the five level enhancements for alleged prior conduct; the two level enhancements for obstruction of justice; the lack of a two level reduction for acceptance of responsibility; and, for an unreasonable length of sentence.

On January 27, 2011, the Government filed its Response in Opposition to Motion to Vacate. (Docket #96.) The Government asserts that Petitioner has not demonstrated ineffective assistance of counsel because he has not established that his attorney's performance was both deficient and prejudiced his defense, and that each claim brought by Petitioner was previously denied on appeal. Petitioner requested an extension to file his reply on May 13, 2011 (Docket #97), and permission was granted on May 17, 2011, giving Petitioner 30 days to file a reply. On June 13, 2011, Petitioner filed his Reply to the Government's Opposition Brief. (Docket #98.) Having been briefed fully, Petitioner's Motion to Vacate is now ripe for review.

**Discussion**

Title 28 U.S.C. § 2255 provides in pertinent part:

2

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

### I. Ineffective Assistance of Counsel

Petitioner has brought forth a single claim of ineffective assistance of counsel alleging four failures during sentencing. In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court established the requirements for an ineffective assistance of counsel claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. In order to show that his attorney's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In order to satisfy the requirement of prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reviewing court must ensure that "every effort is made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* At 689.

In the case of a guilty plea, a defendant must show both that his counsel's representation

3

fell below an objective standard of reasonableness and that a reasonable probability exists that, but for counsel's unprofessional errors, he would not have pleaded guilty. *Hill v Lockhart*, 474 U.S. 52, 57-59 (1985); *Warner v. United States*, 975 F.2d 1207, 1211 (6th Cir. 1992).

In order to prevail on his ineffective assistance of counsel claim, Petitioner must rebut the presumption that his attorneys' representation was reasonable. Specifically, he must prove that his attorneys' representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.

As thoroughly and accurately discussed by the Government, Petitioner has failed to present evidence to support his claim that counsel was ineffective and that he suffered prejudice as a result of the performance of counsel. Petitioner submits only previously litigated issues as the basis for counsel's alleged ineffective assistance. Here, Petitioner is seeking to relitigate four issues for which he was denied relief on direct appeal, namely, the prior conduct enhancement; the obstruction of justice enhancement; the denial of the acceptance of responsibility reduction; and, the length of the sentence. *See United States v. Paull*, 551 F.3d 516 (6th Cir. 2008). Petitioner now attempts to recast them as arguments under the guise of ineffective assistance of counsel. However, Petitioner "cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely on him on direct appeal." *Clemons v. United States*, 2005 WL 2416995, *2 (E.D. Tenn. 2005) (citing, e.g., *Dupont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996)). Additionally, "[i]t is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law." *Giraldo v. United States,* 54 F.3d 776 (Table), 1995 WL 290354, *2 (6th Cir. 1995). Petitioner has made no showing that any intervening change in the law has occurred since his appeal was decided against him.

Furthermore, the record in this case shows active and appropriate representation by counsel and there is no evidence that any of the alleged actions or inactions of counsel would have resulted in a different outcome in this case. While Petitioner makes several arguments regarding deficiencies in the performance of counsel, the Court has conducted a careful and thorough review of the record and the materials submitted by the Parties and finds no basis for his claims. Accordingly, Petitioner's Claim for Relief is without merit.

### Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

5

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Docket #89 in Case No. 1:05 CR 246) is DENIED.

IT IS SO ORDERED.

_/s/ Donald C. Nugent_
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

DATED: _June 22, 2011_